IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-00802-WYD-CBS

HOMAIDAN AL-TURKI,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE,

    Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for Leave to File *In Camera* and *Ex Parte* Declaration filed November 25, 2014.  Defendant seeks to file an *in camera* and *ex parte* classified declaration by an FBI Special Agent in support of the pending summary judgment motion regarding exemptions that Defendant claims as to Plaintiff's FOIA requests.  While Defendant has filed a public declaration which it asserts provides all the information that may be disclosed on the public record, it seeks to submit the classified declaration to provide additional details concerning its withholdings of materials concerning ongoing law enforcement investigation.

In support of the motion, Defendant states in the estimation of the Declarant that the disclosure of the information in the declaration would undermine the interests protected by 5 U.S.C. § 552(b)(7)(A), which exempts from disclosure under FOIA "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably

be expected to interfere with enforcement proceedings . . . ." Defendant asserts that this information cannot be disclosed publicly without causing serious harm to the ongoing law enforcement investigation. Further, it contends that the declaration is classified.

Plaintiff filed a response opposing the motion on December 22, 2014. He argues that the motion should be denied because throughout its public filings, the government has made misrepresentations that eliminate this Court's ability to trust the government's statements asserted via an *in camera* and *ex parte* without permitting Plaintiff to assess the viability of the Defendant's assertions. A reply was filed by the Defendant on January 12, 2015.

Turning to my analysis, courts are permitted to rule on summary judgment in FOIA cases on the basis of government affidavits describing the documents sought. *See Lion Raisins v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1082 (9th Cir. 2004). The government is generally required to "submit detailed public affidavits identifying the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." *Id.* Also, "[u]nder certain limited circumstances", courts "have endorsed the use of *in camera* review of government affidavits as the basis for FOIA decisions." *Id.* According to the Ninth Circuit, the court may rely on *ex parte* affidavits, however, only "'in the exceptional case'" and after 'the government has submitted as detailed public affidavits and testimony as possible.'" *Id. (quoting id.)*.

I find that the above requirements have been met. Defendant submitted with its Motion for Summary Judgment a detailed and lengthy public Declaration of David

M. Hardy, the Section Chief of the Record/Information Dissemination Section of the Records Management Division in Virginia. (ECF No. 26-1.) It purports to explain the basis for the exemptions, providing all the information that Defendants asserts may be disclosed on the public record.[1] I accept at this juncture Defendant's representation that it has submitted as detailed a public declaration as it asserts is possible. I also accept at this juncture Defendant's assertion that the *in camera* and *ex parte* classified declaration will provide additional details concerning withholdings of materials concerning ongoing law enforcement investigation, and that it cannot be disclosed publicly without causing serious harm to the ongoing law enforcement investigation.

Based on the foregoing, I find that this is an exceptional case where submission of an *in parte* and *in camera* declaration by the Government is appropriate. This case involves national security. The *in camera ex parte* declaration is classified and to be classified, the information, if disclosed, "reasonably could be expected to result in damage to the national security." Executive Order 13526, § 1.1(a)(4). Defendant asserts that the *in camera ex parte* declaration explains why it is classified. Further, Defendant represents that this information cannot be disclosed publicly without causing serious harm to the ongoing law enforcement investigation. Many other courts have allowed *in camera* declarations in such cases, and where additional public disclosure would publicly reveal what a FOIA exemption is supposed to protect. *See, e.g., Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1391 (D.C. Cir. 1979) ("The agency stated as much detail publicly in this case as it reasonably could without revealing sensitive

---

[1] The merits of that Declaration are not evaluated in connection with this motion.

information, and presented further specifics *in camera*. This is the proper way to satisfy FOIA Exemption 3."); *Public Education Ctr, Inc. v. DOD*, 905 F. Supp 19, 22 (D.D.C. 1995) (reviewing declarations supporting Exemption (b)(1) and observing "there are occasions when extensive public justification would threaten to reveal the very information for which a FOIA exemption is claimed."); *Frydman v. Dep't of Justice*, No. 78-4257, 1990 WL 113902, at *2 (D. Kan. July 11, 1990) ("The court has inspected the affidavit and the documents. Plaintiff has objected to the use of *in camera* affidavits. But, *in camera* affidavits have been employed with circuit court approval in other cases involving national security allegations.").

Plaintiff argues that three circumstances justify the Court refusing to consider an *in camera ex parte* declaration: (1) the motion for summary judgment is "riddled with factual inaccuracies"; (2) the Defendant fails to mention responsive documents not subject to a FOIA exemption; and (3) the Government has waived certain exemptions because of public disclosure. Plaintiff provides no authority for the proposition that any of these assertions, if true, should make the Court refuse an *in camera ex parte* classified declaration justifying Exemption 7(A), and I have found none. Accordingly, I reject Plaintiff's arguments and find that Defendant's motion should be granted.

However, once the declaration is filed and considered in connection with the pending summary judgment motion, I will review it to ensure that Defendant's rationale for filing it *ex parte* and *in camera* was proper. I will also determine whether any portions of the declaration could be released to augment the public record. *See Public Education Center, Inc.*, 905 F. Supp. at 22.

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Leave to File *In Camera* and *Ex Parte* Declaration (ECF No. 27) is **GRANTED**. The *In Camera* and *Ex Parte* Declaration shall be submitted to my Chambers within ten (10) days of this Order.

Dated: May 13, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge